CAPE FOX CORPORATION AND SUBSIDIARIES, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cape Fox Corp. v. Commissioner
Docket No. 2547-91.
United States Tax Court
T.C. Memo 1992-363; 1992 Tax Ct. Memo LEXIS 385; 63 T.C.M. (CCH) 3184; June 25, 1992, Filed *385 An appropriate order and decision will be entered for petitioner. P claimed net operating losses which it carried over to fiscal year 1988. Pursuant to sec. 60(b)(5) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 579, P "sold" these net operating losses to Q for tax purposes and agreed to indemnify Q with respect to any taxes incurred by Q as a result of the disallowance of such losses. R mailed a notice of deficiency to P disallowing the net operating losses. R subsequently concluded that Q, rather than P, is the taxpayer responsible for any deficiency related to the net operating losses. R proposes to concede that P is not liable for any deficiency or additions to tax and moves that we enter a decision in P's favor. P opposes this motion and moves that we set this case for trial in order to decide the proper amount of losses. Held: It is within this Court's discretion to accept or reject a concession. Whether we will accept a concession or proceed to decide the underlying substantive issues is determined by considering what will best serve the interests of justice. McGowan v. Commissioner, 67 T.C. 599 (1976). In this case, the *386 interests of justice are best served by accepting R's concession. John P. Braislin and Meredith A. Copeland, for petitioner. Wendy S. Pearson, for respondent. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined a deficiency and additions to tax in petitioner's Federal income tax as follows: Additions to Tax
TYE
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653 (a)(1)(B)
Feb. 29, 1988
$ 21,880,103
$ 1,094,005
50 percent of the
interest due on
$ 66,485
The issue is whether we should grant respondent's motion for entry of a decision that there is no deficiency and no additions to tax or, in the alternative, whether we should grant petitioner's motion to set this case for trial in order to decide the underlying merits of respondent's deficiency determination. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Background
Petitioner is an Alaskan corporation which qualifies as an Alaskan Native Corporation within the meaning of the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 60(b)(5), 98 Stat. *387 494, 579, as amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1804, 100 Stat. 2085, 2798, and repealed by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 5021, 102 Stat. 3342, 3666 (hereinafter section 60(b)(5) of the Deficit Reduction Act of 1984). During the years 1979 through 1987, petitioner carried on a logging business. Prior to fiscal years 1987 and 1988, petitioner allegedly incurred net operating losses that it carried over to these years. Pursuant to section 60(b)(5) of the Deficit Reduction Act of 1984, petitioner "sold" net operating losses available for fiscal year 1987 to Young & Rubicam and also "sold" net operating losses available for fiscal year 1988 to Quaker Oats Corporation (Quaker). Young & Rubicam and Quaker "purchased" the net operating losses in order to reduce their respective taxes. [1] Petitioner agreed to indemnify Quaker with respect to any taxes imposed on Quaker as a result of adjustments to the losses. *388 On November 13, 1990, respondent issued a notice of deficiency to petitioner for its fiscal years 1987 and 1988. The notice disallowed a portion of the claimed net operating losses. Petitioner paid the deficiency for fiscal year 1987 and sued for a refund in the United States District Court for the District of Alaska. Petitioner filed a petition with this Court with respect to fiscal year 1988. The petition asks this Court to: 1. Determine that no deficiency in income tax is due from petitioner for the taxable year ending February 29, 1988; and 2. Find that petitioner is entitled to relief from all penalties imposed by the Commissioner.
Subsequent to the commencement of the proceedings in this Court, respondent concluded that the adjustments to the net operating losses which petitioner "sold" to Quaker would result in an adjustment to Quaker's income tax liability rather than petitioner's. On October 10, 1991, respondent served petitioner with a notice of concession. On December 24, 1991, respondent filed a motion for entry of a decision that there is no deficiency or additions to tax. [2] Petitioner opposes respondent's concession and moves that we set this case *389 for trial on the merits at the earliest possible date. Discussion
Respondent has offered to concede that no deficiency or additions to tax are owing and has moved for entry of decision for petitioner. Petitioner argues that if we accept respondent's concession, we will be allowing respondent to unilaterally deprive this Court of jurisdiction to decide this case on its merits. Petitioner argues that our acceptance of respondent's concession would be contrary to our decision in . In McGowan, respondent offered a total concession and argued that our *390 jurisdiction was limited to entry of decision on that limited basis and that we lacked jurisdiction to proceed to decide the case on its merits. We rejected this argument and held that whether a concession will be accepted by the Court is a matter that is subject to the Court's discretion. . In determining whether to accept or reject a party's concession, we consider what will best serve the interests of justice. , affd. ; . We, therefore, proceed to determine how best to serve those interests. Respondent's basis for conceding is that any additional tax liability that results from disallowing net operating losses which petitioner "sold" to Quaker will result in a deficiency in Quaker's income tax rather than petitioner's. On the other hand, petitioner takes the position that it, rather than Quaker, is the taxpayer liable for any tax deficiency that results from respondent's disallowance of losses and that this case should proceed to trial *391 in order to determine the proper amount of those losses. If petitioner's legal position on this point is correct, any attempt by respondent to proceed against Quaker would fail since Quaker would have no deficiency as a result of adjustments to petitioner's losses. Respondent would be precluded from assessing a deficiency against petitioner by our decision in the instant case. This scenario represents a total victory for petitioner. If respondent is correct and Quaker is the taxpayer liable for any resulting deficiency, a trial in this case would not benefit petitioner. At trial, the first issue we would reach is whether petitioner is the taxpayer liable for any deficiency resulting from the disallowance of the losses. If we found that Quaker, rather than petitioner, was the proper taxpayer, we would enter a decision for petitioner and never reach the underlying factual issues regarding timber valuation and depreciation which petitioner wants resolved. The result would be identical to that produced by respondent's concession. Petitioner argues that the factual issues which underlie respondent's notice of deficiency will be recurring and, therefore, the interests of justice *392 dictate that we enter a decision based on the underlying merits. Petitioner cites liberally to , in support of this proposition. In McGowan, the resolution of the issue presented was not clear under established law. We noted that the Commissioner had issued a revenue ruling on that issue which we believed was erroneous, and that there were many taxpayers who would be impacted by our decision on the merits. . We also expressed concern that the time for filing another year's tax return was rapidly approaching and that the interests of justice would be served by establishing legal precedent to guide similarly situated taxpayers. . By contrast, the recurring issues in this case, which petitioner wants resolved, involve the proper valuation of petitioner's timber and, to a significantly lesser extent, whether petitioner can depreciate certain assets. The resolution of these issues relates only to petitioner (and maybe Quaker or Young & Rubicam). A decision on the merits in this case will not *393 establish legal precedent, which will guide a large number of similarly situated taxpayers. [3]
Finally, petitioner argues that even if Quaker is the taxpayer liable for any deficiency, petitioner is still the real party in interest because, under the indemnity provisions in its contract with Quaker, it is liable to Quaker. Based on the record before us, we do not know whether respondent has issued a notice of deficiency to Quaker much less whether Quaker will ultimately owe any tax liability. Petitioner suggests that it would be prejudiced if Quaker were to litigate the underlying factual issues because the underlying facts are peculiar to petitioner and, therefore, Quaker would lack the information to properly *394 contest any determined deficiency. We believe the more likely scenario would be that petitioner and Quaker would cooperate in contesting any deficiency based on adjustments to the losses that petitioner "sold". In any event, the prospect that petitioner may ultimately be liable to Quaker under the indemnification agreement is a contractual matter between petitioner and Quaker and is an insufficient basis for us to reject respondent's concession. Granting respondent's motion will provide petitioner with the relief sought in its petition and will conserve judicial resources. We find that the best interests of justice will be served by exercising our discretion to accept respondent's concession. An appropriate order and decision will be entered for petitioner. Footnotes
1. The mechanics involved in utilizing sec. 60(b)(5) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 579, as amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1804, 100 Stat. 2085, 2798, and repealed by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 5021, 102 Stat. 3342, 3666, are not relevant to our disposition of the motions under consideration.↩
2. The United States also conceded the refund suit regarding fiscal year 1987 on the same basis. Petitioner objected to the concession. On Mar. 3, 1992, the District Court filed its judgment dismissing petitioner's refund suit on the basis that the Government's concession rendered it moot. Petitioner filed a motion for reconsideration with the District Court which was denied on Mar. 30, 1992.↩
3. Petitioner has received a 30-day letter from respondent proposing a deficiency of $ 360,509 for fiscal year 1989, which is based primarily on the disallowance of net operating loss carryovers. By contrast, the deficiency determination for the instant case, which respondent is conceding, exceeds $ 21 million.↩